IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 23-00127-02-CR-W-RK ) |
| LANCE ARTHUR BECKER, | ) ) |
| Defendant. | ) |

## ORDER

Pending is Defendant Lance Arthur Becker's Motion to Sever Defendants Pursuant to Rule 14. Doc. 23. The Government has filed Suggestions in Opposition. Doc. 24. For the reasons set forth below, the Court **DENIES** Defendant Becker's motion.

### I. BACKGROUND

On May 31, 2023, the grand jury returned an indictment charging Defendants Morgan Nicole Armstrong and Lance Arthur Becker with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and seven counts of bank fraud in violation of 18 U.S.C. §§ 1344 and 2. Doc. 1 at 1-8. Further, the indictment sets forth a forfeiture allegation against both Defendants pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A). *Id*. at 8-9.

The indictment alleges that both defendants were involved in a fraudulent scheme wherein disability and/or retirement benefits checks meant for residents of a residential care facility were improperly diverted into bank accounts owned by Defendant Becker. Doc. 1. The Indictment alleges that Codefendant Armstrong, as property manager of the residential care facility, improperly obtained the checks in question, and that both defendants fraudulently endorsed the checks using the name "Lance Becker" and deposited the checks in bank accounts owned by

Defendant Becker. *Id*. Both defendants are named in the conspiracy count as well as each substantive bank fraud count of the indictment. *Id*.

On October 5, 2023, Defendant Becker filed the pending Motion to Sever pursuant to Rule 14 of the Federal Rules of Criminal Procedure.[1]  Doc. 23.  He argues severance is necessary because (1) his "defense is based on his absence of knowledge concerning the illegal nature of co-defendant Armstrong's activity," and thus, "[h]is defense is antagonistic to co-defendant Armstrong"; (2) he "will be denied the opportunity to present exculpatory evidence from co-defendant Armstrong at a joint trial in the event co-defendant Armstrong fails to testify"; (3) his former relationship with Codefendant Armstrong will result in evidence being weighed unfairly against him; and (4) he "will be prejudiced at a joint trial in the event counsel for the Government seeks to introduce co-conspirator statements or confessions." *Id*.

On October 19, 2023, the Government filed its Response and Suggestions in Opposition to Defendant Becker's Motion to Sever.  Doc. 24.  The Government cites to *United States v. Anderson*, wherein the Eighth Circuit held "there is a preference in the federal system for joint trials of defendants who are indicted together" and "this preference is 'especially compelling when the defendants are charged as co-conspirators.'"  783 F.3d 727, 743 (8th Cir. 2015) (citation omitted).  *See* Doc. 24 at 3-4.  The Government argues Defendant Becker failed to overcome the presumption favoring a joint trial and should not be granted a severance.  *Id*. at 7.  Defendant did not file a reply, and the time for doing so has passed.  L.R. 7.0(c)(3).

---

[1] Codefendant Armstrong is set for a change of plea on January 4, 2024.  Doc. 25.  In the event that Codefendant Armstrong enters a guilty plea, Defendant Becker will effectively receive a severance in that he will not be participating in a joint trial with Codefendant Armstrong.

2

## II.     DISCUSSION

Orders on motions to sever are left to the discretion of the trial court. *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010). "When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). If joinder is proper pursuant to Rule 8, the court may still find severance necessary to avoid prejudice under Federal Rule of Criminal Procedure 14. *Id*. "The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989); *see also United States v. Theus*, No. 22-00048-11-CR-DGK, 2023 WL 6612512, at *1 (W.D. Mo. Oct. 10, 2023).

In the federal system, there is a preference for a joint trial of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Huddleston*, No. 20-03046-09-CR-S-BP, 2022 WL 2345756, at *2 (W.D. Mo. June 29, 2022). When persons are charged in a conspiracy, the general rule is they will be tried together. *United States v. Young*, 753 F.3d 757, 778 (8th Cir. 2014). A defendant carries "a heavy burden" in demonstrating that severance is mandated. *Id.* at 777-78. Here, although Defendant Becker does not dispute proper joinder and focuses his arguments solely on seeking relief from prejudicial joinder, this Court analyzes both.

**A.     Joinder**

Joinder of two or more defendants is proper when the joined defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8(b) also provides that defendants may be charged in one or more counts together or separately. *Id.* The rule is to be liberally construed in favor of joinder. *Jones*, 880 F.2d at 62.

3

The propriety of joinder is determined from the face of the indictment. *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). In analyzing joinder, the factual allegations in the indictment must be accepted as true. *United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984), *overruled on other grounds by United States v. Inadi*, 475 U.S. 387, 387-400 (1986). The Eighth Circuit has held "persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." *United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010) (quoting *Jones*, 880 F.2d at 63). Defendants charged together in a conspiracy should be tried together when proof of the charges against each defendant is based on the same evidence or acts. *U.S. v. O'Meara*, 895 F.2d 1216, 1218 (8th Cir. 1990).

Defendants Becker and Armstrong are charged in the same indictment as co-conspirators in a bank fraud conspiracy. Doc. 1. Specifically, the indictment alleges both Defendants conspired and carried out the scheme of fraudulently obtaining seven social security benefit checks that were mailed to Heritage Village Assisted Living for the benefit of specific residents. *Id*. at 3. The indictment further avers Defendants submitted the social security benefit checks to Capitol Federal for deposit in Defendant Becker's bank accounts. *Id*. at 3-4. Defendants Becker and Armstrong, according to the indictment, were co-conspirators who participated in the same criminal acts – i.e., fraudulently obtaining social security benefit checks. *Id*. at 3. Further, each Defendant is named in all substantive bank fraud counts. *See id.* As such, the Court finds Defendants are properly joined in this matter.

**B.     Severance**

When joinder of defendants in a criminal case appears to prejudice a defendant, the court, among other things, may sever the defendants' trials. Fed. R. Crim. P. 14(a). A defendant is prejudiced when he or she is "deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial." *United States v. Goodhouse*, 81 F.4th 786, 791 (8th

Cir. 2023) (quoting *United States v. Garrett*, 648 F.3d 618, 625-26 (8th Cir. 2011)); *see also United States v. Sherman*, 81 F.4th 800, 805 (8th Cir. 2023) (holding a district court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.") (citation omitted). The defendant bears the burden of establishing prejudice. *Goodhouse*, 81 F.4th at 791; *see also Young*, 753 F.3d at 777 (recognizing that a defendant carries a "heavy burden" in demonstrating severance is required).

Severance under Rule 14 is rare because there is a strong presumption favoring joint trials of properly joined defendants. *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009). In the context of an alleged conspiracy, severance "will rarely, if ever, be required." *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993). The Eighth Circuit has explained joint trials are preferred in cases where defendants are properly joined because the jury has the "best perspective on all of the evidence . . . [which] increases the likelihood of a correct outcome." *Lewis*, 557 F.3d at 609 (quoting *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004)). "This presumption can only be overcome if the prejudice is 'severe or compelling.'" *Id*. (quoting *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008)).

In support of his request for severance, Defendant Becker claims his defense, which is based on his lack of knowledge concerning Codefendant Armstrong's illegal activity, is "antagonistic to [C]odefendant Armstrong." Doc. 23 at 2. He also argues if there is a joint trial, and his co-defendant fails to testify, he will be denied the opportunity to present exculpatory evidence from his co-defendant. *Id*. Further, Defendant Becker contends his former role as Codefendant Armstrong's boyfriend is likely to deprive him of a fair trial because the jury will likely weigh evidence presented against the Codefendant as evidence against him. *Id*. Finally, Defendant argues he will be prejudiced at a joint trial in the event counsel for the Government

5

seeks to introduce co-conspirator statements or confessions and his co-defendant fails to testify. *Id*. These contentions are not sufficient to overcome the heavy presumption in favor of a joint trial.

It is not clear from the severance motion what defense is being asserted by Codefendant Armstrong, let alone whether her defense is "mutually antagonistic" to the defenses proffered by Defendant in his severance motion. Assuming the defenses are antagonistic, the Eighth Circuit has held "mutually antagonistic defenses are not prejudicial per se." *Flores*, 362 F.3d at 1040. When faced with antagonistic defenses, severance is only required when there is a danger the jury will unjustifiably infer, based solely on the conflict in defenses, that both defendants are guilty. *Id.* at 1040-41. Severance is not required where one defendant merely shifts blame to a codefendant. *Id.* at 1039-40.

Rather than order severance, the "risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). For example, despite evidence being stronger against one defendant in *Flores*, the Eighth Circuit found that any prejudice suffered by the co-defendant from presentation of such evidence in a joint trial was adequately minimized by the district court's limiting instructions. 362 F.3d at 1042; *see also Zafiro*, 506 U.S. at 540-41 (recognizing juries are presumed to follow the instructions given to them).

Here, Defendant Becker has not established the jury will unjustifiably infer from the potential antagonistic defenses that he is guilty. Disparity in the weight of the evidence as between persons does not entitle a defendant to severance. *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992). Defendant Becker's motion fails to demonstrate severe or compelling prejudice that will result from a joint trial.

Defendant Becker also avers a joint trial will deny him the opportunity to present exculpatory evidence if Codefendant Armstrong fails to testify. Doc. 23 at 2. However, for a

6

severance to be warranted, it is not enough for a defendant to simply claim a separate trial is needed to call a co-defendant as a witness. *Mickelson*, 378 F.3d at 818. A defendant must show it is likely his co-defendant "actually would have testified and that this testimony would have been exculpatory." *Id*. (citation omitted). Defendant Becker fails to show the likelihood of Codefendant Armstrong testifying in a separate trial. And he provides no indication as to how Codefendant Armstrong's testimony would be exculpatory.

Defendant Becker also contends he will be prejudiced based on his former relationship as Codefendant Armstrong's boyfriend. Doc. 23 at 2. Defendant Becker proffers the jury will weigh the evidence concerning his co-defendant unfairly against him based on their prior relationship, despite lack of evidence showing his involvement. *Id*. However, severance is not required merely because evidence that is admissible only against a codefendant may be damaging to the defendant. *Mickelson*, 378 F.3d at 818. Additionally, disparity among the defendants in involvement or culpability is "commonplace in conspiracy cases" and by itself is insufficient to constitute prejudice requiring severance. *U.S. v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008).

Defendants Becker and Armstrong are charged in a conspiracy wherein, regardless of any prior relationship between alleged co-conspirators, disparate evidence regarding each defendant's level of culpability and involvement is expected. Further, concern that a jury will develop a general impression of guilt based on a prior relationship between co-defendants is not sufficient to warrant severance. *See United States v. Luque*, No. 2:20-CR-04071-RK-02, 2021 WL 3185047 at *2 (W.D. Mo. July 27, 2021). While evidence presented against Codefendant Armstrong may be admissible in a joint trial, any concerns of spillover can be fully ameliorated by proper limiting instructions to the jury.

Finally, Defendant Becker claims he will be prejudiced at a joint trial if Government counsel introduces co-conspirator statements or confessions and Codefendant Armstrong fails to

7

testify. Doc. 23 at 2. "The Confrontation Clause does not give the defendant the right to cross-examine a non-testifying co-conspirator whose statements are introduced under the co-conspirator hearsay exclusion." *Mickelson*, 378 F.3d at 819 (citation omitted); *see also* Fed. R. Evid. 801(d)(2)(E). As such, the admission of Codefendant Armstrong's coconspirator hearsay statements are unlikely to violate Defendant Becker's rights and does not provide a sufficient basis for a severance of defendants.

Further, any prejudice posed by the admission of Codefendant Armstrong's statements or confessions that inculpate Defendant is likely to be cured with redacting information from the statement that references Defendant Becker, a limiting instruction to the jury, or both. *See United States v. Davis*, 534 F.3d 903, 915 (8th Cir. 2008) (citation omitted). Defendant Becker has not shown serious risk that a joint trial will compromise one of his specific trial rights, nor prevent the jury from making a reliable judgment about his guilt or innocence. The Court finds severance unwarranted because Defendant Becker has failed to overcome the presumption in favor of a joint trial.

### III. CONCLUSION

Based on the foregoing discussion, the Court **DENIES** Defendant Becker's Motion to Sever Defendants Pursuant to Rule 14 (Doc. 23).

**IT IS SO ORDERED.**

DATE: December 8, 2023

  /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE